## WOFFORD v. STRICKLAND.

(Court of Civil Appeals of Texas.. Dallas. Nov. 8, 1913.)

1. TRESPASS TO TRY TITLE (§ 41*)—EVIDENCE —SUFFICIENCY.

In trespass to try title to two tracts of land, to one of which defendant had formerly had a bond for title from plaintiff's grantor which plaintiff claimed had been surrendered and canceled, and the other of which defendant claimed to have purchased from plaintiff, paid for, and made valuable improvements thereon, evidence *held* to support a verdict for defendant.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 62, 63; Dec. Dig. § 41.*]

2. APPEAL AND ERROR (§ 1003*)—REVIEW— QUESTIONS OF FACT.

A judgment will be reversed if the verdict is so against the weight and preponderance of the evidence as to be manifestly wrong.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3938–3943; Dec. Dig. § 1003.*]

3. APPEAL AND ERROR (§ 994*)—REVIEW— QUESTIONS OF FACT.

The jury are the exclusive judges of the credibility of the witnesses and the weight to be given to their testimony.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3901–3906; Dec. Dig. § 994.*]

4. ESTOPPEL (§ 22*)—RECITALS—MORTGAGES.

Where the holder of a bond for title, which the vendor claimed had been surrendered and canceled, gave mortgages to the vendor to secure the payment of accounts for supplies, describing the land as belonging to the vendor, this did not estop him from claiming title to the land,

though it was evidence to be considered with the other testimony in determining whether he had bought the land.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 27–51; Dec. Dig. § 22.*]

**5. TRIAL § 296\*)—CONFUSING OR MISLEADING INSTRUCTIONS.**

In trespass to try title it appeared that defendant had a bond for title from plaintiff's grantor, to whom he had given his note for the purchase price, and that the note had been surrendered to defendant indorsed, "Paid by deeding the land to W. (plaintiff)." It was defendant's claim that he paid the note by delivering cotton to plaintiff, while plaintiff claimed that it was paid by the surrender of the bond for title for cancellation. The court charged that if defendant paid the note to plaintiff, he was entitled to the land, and also that if plaintiff and defendant canceled the trade and plaintiff gave up the note and defendant remained on the land as plaintiff's tenant, to find for plaintiff. *Held,* that in view of this last part of the instruction, the instruction to find for defendant if he paid the note could not have confused or misled the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.\*]

**6. TRIAL (§ 260\*)—INSTRUCTIONS COVERED BY THOSE GIVEN.**

In trespass to try title, it appeared that defendant had formerly had a bond for title from plaintiff's grantor, it being plaintiff's claim that this had been surrendered in consideration of the surrender of the purchase-money note, while defendant contended that he paid the note by delivering cotton. The court charged that, if the parties canceled the trade and plaintiff gave up the note and defendant remained on the land as plaintiff's tenant, to find for plaintiff, and refused an instruction that if the purchase money was not paid, it was not necessary for defendant to make a deed to plaintiff, but that he could cancel the bond for title by delivering it to plaintiff with the intention of canceling it, and that if this was done the jury should find for plaintiff. *Held,* that there was no error in refusing this instruction, even though it stated a correct proposition of law, since the charge given sufficiently grouped the facts upon which plaintiff's right to recover depended, and directed a verdict for him, if the jury found those facts, and the requested instruction would not have aided the jury in arriving at a correct verdict.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.\*]

Appeal from District Court, Henderson County; John S. Prince, Judge.

Action by J. B. Wofford against John Strickland. Judgment for defendant, and plaintiff appeals. Affirmed.

M. E. Richardson and W. R. Bishop, both of Athens, for appellant. Miller & Miller, of Athens, for appellee.

TALBOT, J. Appellant brought this suit against appellee to recover 80 acres of land, a part of the David Statler survey, and 86 acres of land, a part of the William Hogg survey, both tracts situated in Henderson county, Tex. The action was in the ordinary form of trespass to try title. The defendant answered by a general denial and plea of not guilty. The case was tried before a jury on February 12, 1913, and the trial resulted in a verdict and judgment in favor of defendant; and, the plaintiff's motion for a new trial having been overruled, he appealed. Appellant introduced a chain of title entitling him to recover both tracts of land unless appellee, under the evidence, was entitled to a decree for title to the 80-acre tract by contract of purchase from K. Richardson, from whom appellant holds a deed, and unless appellee was entitled to such a decree for the 86 acres by virtue of a contract of purchase of the same from the appellant himself, possession taken, and valuable improvements made upon the faith of and in pursuance of such contract. It appears that on September 7, 1893, K. Richardson sold to appellee the 80-acre tract for $200, giving him a bond for title and taking appellee's note for same, payable in annual installments of $50 each, the last installment falling due October 1, 1897. Appellee paid on this note, October 23, 1894, as shown by indorsement thereon, the sum of $46.98. In November, 1897, appellant traded K. Richardson a tract of land for the note given by appellee for the 80-acre tract in controversy, and appellant thereby became the owner and holder of said note. The claim and contention of appellant is, and he so testified, that after he became the purchaser of the note, he surrendered it to appellee for the bond for title given him by K. Richardson for the 80 acres of land, with the understanding that Richardson should deed to him, appellant, said 80 acres of land and deliver at the time the note thereby paid and canceled; that the note and bond for title were thus exchanged, the note bearing the indorsement made thereon by appellant, "Note paid by deeding land to J. B. Wofford;" that appellant turned the bond for title over to K. Richardson; and that Richardson made him a deed to the 80 acres of land. Appellant further contends, and so testified, that at the time of the transaction just related, it was agreed between him and appellee that appellee was to remain on the land, paying for the use and occupancy of it the taxes and one bale of cotton per year. Appellee denies the contention and statements of appellant in regard to the 80-acre tract of land, and claims that he paid off the note by delivery of cotton to appellant from time to time until said note was fully discharged; that he and his wife occupied the land as their own, and made valuable improvements on it. As to the 86 acres appellant contends that appellee rented this land and occupied it simply as his tenant; that there was practically no improvements on this tract; that it was of little value; and that he told appellee that if he would pay the taxes on it he could use it. On the other hand, appellee contends and testified that he purchased this tract from appellant, agreeing to pay therefor two bales of cotton; that he took posses-

sion under such purchase, made valuable improvements on the land, and paid to appellant the purchase money as agreed.

[1, 2] Appellant, by his assignments of error from 1 to 6, inclusive, in slightly different form, earnestly insists that the district court erred in not granting his motion for a new trial, because the verdict of the jury and judgment of the court are "contrary to and against the great and overwhelming weight and preponderance of the evidence." In view of the evidence, as we find it in the record, these assignments must be overruled. The judgment, it is true, as contended by appellant, should be reversed if it appeared that the verdict of the jury was so against the weight and preponderance of the evidence as to be manifestly wrong, but from the evidence before us we would not be warranted in declaring the verdict clearly wrong. The material issues involved in the case were sharply drawn, and it was the peculiar province of the jury, under our practice, to determine them. The facts essential to appellee's recovery were affirmed by appellee and his wife, under oath, in positive and unequivocal language. They declare most emphatically that the note given for the 80-acre tract of land was not paid, and that the bond for title executed by Richardson for said land was not delivered to appellant as contended by him. They were both uneducated and unable to read writing, and state that if the indorsement, "Note paid by deeding land to J. B. Wofford," was on the note when delivered to them by appellant, they were unable to read it, and did not know it was there; that the transaction claimed by appellant to have taken place between him and Richardson, by which appellant secured the deed from Richardson, was wholly unknown to them until long after it occurred; that appellee did not deliver the bond for title to appellant, and did not know how it got out of his possession; that each year after appellant became the owner of the note given for the 80 acres of land, they delivered to him cotton, to be applied as a credit on the note, until in that way the note was fully paid; that they paid in all 13 bales. They further testified that the land in controversy was of very little value when they bought it, not exceeding perhaps $1 per acre, and had practically no improvements upon it; that they had so improved the place that it was now worth about $1,500. Appellee further testified that not until after he had paid the purchase money agreed to be paid for the land, and not until after he was sued by appellant in the justice court for rents for 1910 and 1911, did he know appellant claimed that he occupied the land as a tenant and not as a purchaser; that appellant wrote him a letter offering to sell him the 86 acres of land for two bales of cotton, which offer was accepted and the cotton delivered; that three

160 S.W.—40

years prior to the trial of this case he asked appellant to make him a deed to said 86-acre tract, and that appellant refused to do it.

[3] The appellant's testimony, corroborated by that of other witnesses and potent circumstances, is in direct conflict with the testimony offered by appellee, but clearly it does not so preponderate against the verdict as to justify this court in saying the verdict and judgment are manifestly wrong. The jury in this case, as in all others, were the exclusive judges of the credibility of the witnesses and the weight to be given to their testimony, and no matter what may have been the conclusions of this court in regard to the matters involved as original propositions, the fact remains that there is substantial testimony to support the verdict.

[4] The contention that appellee, having by his mortgages given to appellant from the year 1898 to the year 1910, inclusive, to secure the payment of accounts made with appellant for supplies furnished during those years, described the land in controversy as land belonging to the appellant cannot be heard now to deny the facts so recited and is estopped from claiming the land sued for is without merit. Such references in the mortgages were admissible to be considered with the other testimony in the case in determining the issue of whether appellee had bought the lands and was entitled to a decree therefor as a purchaser, or was merely occupying said lands as appellant's tenant. They afforded no basis for the claim of estoppel.

[5] The seventh assignment of error complains of that portion of the fourth paragraph of the court's charge which tells the jury, in effect, that if appellee paid to appellant the note given for the 80 acres of land, that appellee was entitled to recover said 80 acres. The proposition is that, appellant having delivered the note indorsed "Note paid by deeding the land to J. B. Wofford," and the appellee contending that he paid the note by delivering cotton to appellant, and not by delivery of the bond for title, it was misleading to charge the jury that they should find for appellee if they found he paid the note to appellant. This contention will not be sustained. Only a part of the court's charge is quoted or stated in the assignment of error. The paragraph in full is as follows: "Now, if you find from the evidence that Strickland paid to J. B. Wofford the note, said Strickland is entitled to recover said 80 acres, and you will find for him for said 80 acres of land. On the other hand, if you find that J. B. Wofford and defendant, Strickland, canceled the trade and Wofford gave up to Strickland his note and Strickland remained on the land as a tenant of J. B. Wofford, you will find for the plaintiff, Wofford, for said 80 acres of land." The jury could not have been confused or misled by this charge.

[6] The eighth and last assignment of error complains of the court's refusal to give the following requested instruction: "You are instructed that if the purchase money was not paid, it was not necessary for John Strickland to make a deed to J. B. Wofford, but that he could cancel the bond for title by delivering same to the said Wofford with the intention of canceling the trade; and, if you believe this was done, then you are instructed that the deed from K. Richardson to J. B. Wofford conveyed the legal title to the 80 acres of land on the David Statler survey, and you will find for the plaintiff for said 80 acres." Conceding for the sake of argument that this charge stated a correct proposition of law, still there was no error in refusing it. In the latter clause of the paragraph of the court's charge quoted above the jury were distinctly told that if the appellant and appellee canceled the trade for the 80 acres of land and appellant gave up to appellee his note and appellee remained on the land as a tenant of appellant, to find in favor of appellant as to said 80 acres. This charge sufficiently grouped the facts upon which appellant's rights to recover this tract of land depended, and instructed the jury that if they found from the evidence the existence of those facts, to find for appellant the 80-acre tract. The court's charge was directly in line with the respective contentions of the parties, and applicable to the facts, and the special charge refused would not have aided the jury in any wise in arriving at a correct verdict.

Finding no error in the record that would justify this court in reversing the judgment, it is affirmed.